THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Don Wise, Individually & Don Wise Realty, 
 Inc.        Respondents,
 
 
 

v.

 
 
 
William T. Jarrell,       
Appellant.
 
 
 

Appeal From Florence County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2003-UP-418
Heard April 8, 2003  Filed June 19, 
 2003

AFFIRMED

 
 
 
Daryl James Corbin, of Florence, for Respondent.
J. Rene Josey and David W. Keller, Jr., for Appellant.
 
 
 

 PER CURIAM:  William T. Jarrell 
 appeals a jury verdict, finding Jarrell failed to pay Don Wise a sales commission 
 due under a real estate brokers contract.  Jarrell argues the trial court erred 
 in denying his motions for directed verdict and judgment notwithstanding the 
 verdict (JNOV), asserting a reasonable jury could not have found Wise was 
 the procuring cause of Jarrells real estate purchase.  We affirm.
FACTS/PROCEDURAL HISTORY
Jarrell contacted Wise and indicated he wanted 
 to purchase commercial property with specific characteristics in a particular 
 geographic area.  In exchange for Wises assistance, Jarrell agreed to pay Wise 
 a 10% commission on the sale price of any property purchased.  Wise compiled 
 property information and obtained aerial maps of the particular area of interest 
 to Jarrell.  Using this information, Wise drove Jarrell to visit several potential 
 commercial property sites.  While visiting several properties, including the 
 Powers Property, Jarrell instructed Wise to make an offer on one piece of property.
After negotiations on that property failed, Wise 
 drove Jarrell to the area and again showed Jarrell the Powers Property, which 
 had a for sale sign on it.  Wise specifically discussed the Powers Propertys 
 dimensions and suitability.  When Wise later contacted Jarrell about another 
 piece of property, Jarrell informed Wise he intended to purchase the Powers 
 Property.  Wise informed Jarrell that Wise considered himself to be the procuring 
 cause of the sale and told Jarrell he expected to be paid a 10% commission.  
 Wise later discovered David Townsend purchased the Powers Property for $385,000.00, 
 held it for one year and transferred it to Jarrell.
Wise sued Jarrell alleging Jarrell breached the 
 sales commission contract by failing to pay Wise the 10% sales commission.  At 
 trial, Jarrell admitted he actually paid for the Powers Property but had it 
 titled in Townsends name for tax purposes.  He further testified he could not 
 remember whether he had discussed purchasing the Powers Property with the owner 
 before Wise brought it to his attention.  At the close of Wises case, Jarrell 
 moved for directed verdict, arguing a reasonable jury could not find Wise was 
 the procuring cause of the purchase.  The trial court denied the motion and 
 submitted the case to the jury.  The jury found Jarrell breached the contract 
 and awarded Wise 10% of the purchase price of the Powers Property, or $38,500.00.  
 Jarrell moved for JNOV, and the trial court denied the motion.  Jarrell appeals.
DISCUSSION
Jarrell argues the trial court erred in failing 
 to grant his motions for directed verdict and JNOV.  Specifically, Jarrell contends 
 a reasonable jury could not have found he was the procuring cause of the real 
 estate purchase.  We disagree.
When ruling on motions for directed verdict and 
 JNOV, the trial court must view the evidence and the inferences that reasonably 
 can be drawn therefrom in the light most favorable to the party opposing the 
 motions.  Saab v. South Carolina State Univ., 350 S.C. 416, 428, 567 
 S.E.2d 231, 236 (2002).  The trial court must deny the motions when the evidence 
 yields more than one inference or its inference is in doubt.  Id.  This 
 Court will reverse the trial courts rulings only where no evidence exists to 
 support the ruling or the ruling is controlled by an error of law.  Hinkle 
 v. Natl Cas. Ins. Co., Op. No. 25626 (S.C. Sup. Ct. filed April 14, 2003) 
 (Shearouse Adv. Sh. No. 13 at 42, 45).
Our supreme court has clearly established the test 
 for determining whether a real estate broker is entitled to a sales commission.

[T]he rule of reason, which seems to be supported by practically 
 all the authorities on the subject, is that the broker is entitled to his commissions, 
 if during the continuance of his agency, he is the efficient or procuring cause 
 of the sale, though the actual agreement for the sale is made by the owner without 
 the aid of the broker; and the broker will be regarded the procuring cause if 
 his intervention is the foundation upon which the negotiation resulting in the 
 sale is begun.

Goldsmith v. Coxe, 80 S.C. 341, 346-47, 61 
 S.E. 555, 557 (1908).
Taken in a light most favorable to Wise, a review 
 of the record reveals sufficient evidence from which a jury could have found 
 Wises intervention was the foundation for Jarrells negotiation and eventual 
 purchase of the Powers Property.
Jarrell contacted Wise and told him to find properties 
 in a particular area with certain characteristics.  As instructed, Wise compiled 
 information regarding properties fitting these criteria, including the Powers 
 Property.  On several occasions, Wise brought Jarrell to view the Powers Property 
 and specifically discussed the propertys dimensions and suitability.  Jarrell 
 could not recall whether he ever discussed purchasing the Powers Property with 
 the owner prior to being shown the property by Wise.
Furthermore, after being brought to the property, 
 Jarrell did not tell Wise he was already familiar with the Powers Property 
 and its owner or would independently pursue any potential negotiations without 
 Wises assistance.  Jarrell never indicated Wise would not be paid a commission 
 if Jarrell purchased the Powers Property.  Subsequently, Jarrell used his funds 
 to pay for the Powers Property, had it titled in Townsends name, and instructed 
 required Townsend transfer the property to Jarrell one year later.
Based on this evidence, we conclude a reasonable 
 jury could have found Wises intervention was the foundation of Jarrells negotiation 
 and purchase of the Powers Property.  See id.
CONCLUSION
For the foregoing reasons, the jurys verdict, 
 awarding Wise a sales commission of $38,500.00 is
AFFIRMED.
STILWELL, HOWARD, JJ., and STROM, Acting Judge, 
 concur.